IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

GABRIEL GARZA, §
§
Plaintiff, §
§
v. § 1:25-CV-135-RP
§
INTERNATIONAL CARGO MOVERS, INC., §
et al., §
§
Defendants. §

## ORDER

Before the Court is Plaintiff Gabriel Garza's ("Plaintiff") Motion to Compel Deposition Testimony. (Mot., Dkt. 49). Defendants Yamil Sanchez Fonseca ("Fonseca") and Highlander Xpress Inc. ("Highlander") filed a response in opposition, as did Defendants International Cargo Movers, Inc. ("ICM") and Arvinder Singh ("Singh"). (Highlander & Fonseca Resp., Dkt. 53; ICM & Singh Resp., Dkt. 56). Plaintiff did not file a reply in support of his motion. After considering the parties' briefs, the record, and the relevant law, the Court will moot the motion as to Defendants ICM and Singh and will deny the motion as to Defendants Highlander and Fonseca.

## I. BACKGROUND

The Scheduling Order in this case set both the discovery deadline and dispositive motions deadline as May 20, 2026.[1] (Scheduling Order, Dkt. 26). Plaintiff represents that on May 11, 2026, he requested dates to depose Defendants Highlander, Fonseca, ICM, and Singh from their respective attorneys. (Mot., Dkt. 49, at 2–3). On May 28, 2026, Plaintiff filed the instant motion. Two days

---

[1] The Scheduling Order specifies that the "parties may modify [certain] deadlines in this Order by agreement," (*id.* at 3), and the Court's Local Rules allow parties to continue engaging in "[u]nopposed discovery . . . after the deadline for discovery contained in the scheduling order, provided that discovery does not delay other pretrial preparations or the trial setting." W.D. Tex. Loc. R. CV-16(e).

later, on May 30, 2026, Plaintiff filed a Certificate of Service indicating that he noticed Singh's deposition. (Cert. of Service, Dkt. 50).

Defendants ICM and Singh filed a response indicating their position that the motion is moot as to them, given that Plaintiff deposed Singh after the filing of the instant action. (ICM & Singh Resp., Dkt. 56). Defendants Highlander and Fonseca filed a separate response, contending that Plaintiff's motion should be denied as untimely. (Highlander & Fonseca Rep., Dkt. 53).

## II. DISCUSSION

### A. Plaintiff's Motion as to Defendants ICM and Singh

Defendants ICM and Singh's Response to the Motion to Compel informs the Court that Singh's deposition was completed on June 3, 2026. (ICM & Singh Resp., Dkt. 56, at 2). ICM and Singh also represent that ICM "was shuttered when the owner was deported back to India, and [Singh] is not aware of anyone else who was previously affiliated with the company who can testify" as a corporate representative. (*Id.*). As evidenced by an email attached to the Response, Plaintiff told counsel for ICM and Singh that he will "figure out the issues with the company through the deposition." (*Id.*; MacLeod Email, Dkt. 56-1, at 1). Defendants ICM and Singh therefore argue that the motion is now moot as to them, "unless the Court desires to force [Singh] to testify again to the same topics but this time with the imprimatur of being a corporate representative." (ICM & Singh Resp., Dkt. 56, at 2). Plaintiff did not file a reply in support of his motion, so the Court is unable to discern whether he agrees the motion is now moot as to ICM and Singh.

Given that Singh was deposed after the filing of the instant motion, the motion is moot as to Singh. Additionally, based on the representation that no corporate representative of ICM remains and on Plaintiff's failure to file a reply brief addressing the mootness argument, the Court agrees that

the motion is also moot as to ICM.[2] The Court will therefore deny the Motion to Compel as to ICM

and Singh as moot.

### B. Plaintiff's Motion as to Defendants Highlander and Fonseca

Plaintiff's Motion to Compel argues that "on May 11, 2026, and within the applicable

discovery period, Plaintiff requested dates to depose the witnesses listed above." (Mot., Dkt. 49, at

3). He represents that counsel for Highlander and Fonseca stated that she would obtain potential

dates for depositions but "then withdrew her previous agreement to obtain dates." (*Id.*). Plaintiff

contends that Federal Rule of Civil Procedure 30 "allows a party to depose any person, including a

party, without leave of court," such that these depositions "can obviously be held under Rule 30."

(*Id.* at 3–4). In their Response, Highlander and Fonseca argue: "Plaintiff waited until nine days

before the close of discovery to request depositions in a case that had been pending for over a year,

never served a formal deposition notice during the discovery period, and filed the instant Motion

more than eight days after the discovery deadline had already closed and after Defendants had

already filed their dispositive motions." (Highlander & Fonseca Resp., Dkt. 53, at 1).

The Court agrees with Highlander and Fonseca that Plaintiff's motion is inadequate to justify

the Court compelling the sought-after depositions. First, under this Court's Local Rules, "[n]otices

served before the discovery deadline that purport to schedule depositions after the discovery

deadline will not be enforced." W.D. Tex. Loc. R. CV-16(e). Plaintiff's actions—or lack thereof—

are even more noncompliant with the Scheduling Order and Local Rules, as he never noticed

Highlander's or Fonseca's depositions prior to the discovery deadline.[3] Second, Plaintiff's motion

---

[2] Even if the motion is not moot as to ICM, the Court would nonetheless deny the motion to compel the deposition of ICM's corporate representative for the reasons given in Section II(B), *infra.*

[3] Though the parties should strive to schedule depositions by agreement, if they cannot reach an agreement, the party seeking the depositions must "simply schedule the deposition and serve a notice." *Villegas v. M.G. Dyess, Inc.*, No. 5:19-CV-1057-OLG-RBF, 2021 WL 2593633, at *4 (W.D. Tex. June 23, 2021), *report and recommendation adopted,* No. 5:19-CV-01057-OLG, 2021 WL 5194901 (W.D. Tex. July 15, 2021) (quoting

fails to acknowledge that the deadlines for discovery and dispositive motions have passed,[4] and he does not ask the Court to extend the discovery deadline. Nor does he seek relief under Federal Rule of Civil Procedure 56(d).[5] Finally, Plaintiff does not allege any conduct by Highlander or Fonseca that prevented him from noticing their depositions before discovery closed.[6] If he wished to depose them, he should have noticed the depositions prior to the end of discovery, or he should have argued how he meets the "good cause" standard to extend the discovery deadline. The Court will deny the motion to compel Highlander's and Fonseca's depositions.

### IV. CONCLUSION

For the reasons provided above, **IT IS ORDERED** that Plaintiff's Motion to Compel Deposition Testimony, (Dkt. 49), is **DENIED as MOOT** as to Defendants ICM and **DENIED** as to Defendants Highlander and Fonseca.

**SIGNED** on July 6, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

*Rushing v. Bd. of Sup'rs of the Univ. of La. Sys.*, No. CIV.A.06–623–RET–SCR, 2008 WL 4330186, at *2 n.13 (M.D. La. Sept. 15, 2008)).

[4] Indeed, Highlander and Fonseca had already filed dispositive motions prior to the filing of the instant motion. (*See* Partial Mots. Summ. J., Dkts. 44, 45, 46).

[5] Even if Plaintiff had sought such relief, the motion would not warrant relief under Rule 56(d). Parties requesting relief under Rule 56(d) "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Am. Fam. Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887 (5th Cir. 2013) (quoting *Raby v. Livingston,* 600 F.3d 552, 561 (5th Cir. 2010)). Plaintiff's unsworn contention that Fonseca "will have knowledge of the facts that will support Plaintiff's claims" and that Highlander's corporate representative "will have knowledge of their employees' backgrounds, qualifications, training, and decision making on the day of the incident," (Mot., Dkt. 49, at 4), do not meet the standard set by the Fifth Circuit. *See id.*; Fed. R. Civ. P. 56(d) (requiring that a Rule 56(d) movant "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition").

[6] Nor does Plaintiff claim that the "requested deposition[s] would not have been taken for purposes of discovery but as the testimony of a witness unavailable for trial." *See Charles v. Wade*, 665 F.2d 661, 664 (5th Cir. 1982).